Reese, J.
delivered the opinion of the court.
The wife of the plaintiff below, is one of the children, and heirs at law of William Lamar, deceased. There were eleven other children and heirs at law of the said William Lamar, all of whom, except two, had arrived at majority more than three years before the bringing of this suit. The defendant and those under whom he claims, had an adverse and continued possession of the land in dispute, commencing in 1831, claiming against all persons the land in dispute, under and by virtue of their deeds of conveyance. In 1840, when nine-twelfths of the heirs of William Lamar, deceased, were barred as to the land in dispute by the adverse, possession of the defendant, the said heirs instituted certain proceedings, by which they caused certain commissioners, for that purpose appointed, to make partition among themselves of the entire real estate descended to them from their ancestor, William Lamar, and caused the land in the possession of the defendant, and adversely claimed by him, to be assigned and partitioned off to Ann Wade, the plaintiff below, as lot No. 6 in said partition, for her several and separate portion of the real estate of the said William Lamar.
Under these circumstances, the material question upon the trial of this cause was, whether Mrs. Wade was entitled to recover or to be let into possession of one-twelfth of the land sued for in this action, or of the entire lot No. 6, set forth in the record of partition.
*119 It has always been held in this State, that if one or more of many tenants in common of real estate be barred by the statute of limitations, and others be within the saving of the statute, it shall not operate against those who are within the saving of the statute to bar them; nor shall the partition given by those within the saving of the statute, prevent the operation of the bar as to those without the saving of the statute; but each one shall recover or be barred as to his aliquot share or portion of the land as he may be within or without the saving of the statute. Thus, if all these heirs had joined in the demise in. this action, nine of them would have been barred according to the proof. See Barroio vs. Nave, 2 Yerg. Rep. 227. If the heirs remain in possession of a part of the land descended to them, and permit adverse possession to be taken of a part by a-stranger, and it be continued till a portion of them are barred, can they afterwards, by release or other conveyance, so arrange the matter as to throw the claims of the heirs, when within the saving of the statute, off the portion of which they are in possession, and enable them by their conveyance to do what they themselves could not do, recover, upon a several claim the entire land adversely held?
In this case, for instance, if at the end of the year 1840, or the beginning of 1841, the heirs, instead of the proceedings in the record of partition set forth, had each released his share to Mrs. Wade, by deed, such share being then barred by the adverse possession, and by the statute, would their bargainee or releasee have been, by the operation of such deeds, in a better condition than if they had sued themselves?
It will scarcely be so contended. And yet such deeds would have been entitled to all the legal effect which can be claimed for the act of the commissioners in the judicial proceeding for partition. The situation of Mrs. Wade, by the saving of the statute, was better than that of the other heirs, at the time this suit was commenced, to this extent, that she was entitled to the one-twelfth of lot No. 6, in the adverse possession of the defendant, and also to the one-twelfth of all the other lands descended from the ancestor, while the others were entitled to nothing in lot No. 6. so far as in possession of the defendant, *120 and only to the eleven-twelfths of the balance; and under such circumstances, they will not be justified to escape from their laches and enlarge their interests by throwing the claim of Mrs. Wade entirely from themselves, and giving her twelve-twelfths of that in which they had ceased to have any valid title or claim.
As his Honor, the Circuit Judge, charged upon this point contrary to these views, the judgment of the Circuit Court will be set aside, and a new trial be had. It results, also, from this view of the case, that the dowress of William Lamar was not a competent witness; because her dower was assigned in 1840, upon the basis of the statute not having operated as a bar upon any portion of the estate, and she has a direct interest opposed to the reassignment and curtailment of her dower.